Matter of Clifford (2021 NY Slip Op 02793)





Matter of Clifford


2021 NY Slip Op 02793


Decided on May 5, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-01170

[*1]In the Matter of John A. Clifford, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; John A. Clifford, respondent. (Attorney Registration No. 1904705)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 18, 1984. By order to show cause dated June 10, 2019, this Court directed the respondent to show cause pursuant to 22 NYCRR 1240.12(c)(3)(iii) why a final order of suspension, censure, or disbarment should not be made based on his misdemeanor conviction of menacing in the second degree, in violation of Penal Law § 120.14(1), a class A misdemeanor, by filing an affidavit with the Clerk of the Court, with proof of service upon the Grievance Committee for the Tenth Judicial District. By decision and order on motion of this Court dated November 8, 2019, the matter was referred to the Honorable Peter B. Skelos, as Special Referee, to hear and report.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.
John A. Clifford, Long Beach, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
On October 22, 2018, after a jury trial before the Honorable Joseph B. Girardi, a Judge of the Nassau County District Court, the respondent was found guilty of menacing in the second degree, in violation of Penal Law § 120.14(1), a class A misdemeanor. On January 3, 2019, he was sentenced to three years probation, and directed to pay a surcharge of $175, a DNA fee of $50, and a crime victims assessment fee of $25. The respondent's conviction stems from an incident on March 29, 2016, during which the respondent displayed a hatchet while making a threatening statement to an individual with a child present.
By information sworn to on March 29, 2016, the respondent was charged with menacing in the second degree, in violation of Penal Law § 120.14(1), criminal possession of a weapon in the fourth degree, in violation of Penal Law § 265.01(2), and endangering the welfare of a child, in violation of Penal Law § 260.10(1). After a jury trial held between October 16, 2018, and October 22, 2018, the respondent was found guilty of menacing in the second degree, in violation of Penal Law § 120.14(1), but acquitted of the remaining charges.
On January 3, 2019, the respondent was sentenced to three years probation, and directed to pay a surcharge of $175, a DNA fee of $50, and a crime victims assessment fee of $25. In addition, an order of protection was issued directing him to stay away from the complainant.
By affirmation dated January 25, 2019, on notice to the respondent, the Grievance Committee for Tenth Judicial District advised this Court of the respondent's conviction.
By order to show cause dated June 10, 2019, this Court directed the respondent to [*2]show cause pursuant to 22 NYCRR 1240.12(c)(3)(iii) why a final order of suspension, censure, or disbarment should not be made based on his conviction, by filing an affidavit with the Clerk of the Court, with proof of service upon the Grievance Committee. By decision and order on motion dated November 8, 2019, the Court, on its own motion, inter alia, referred the matter for a hearing before the Honorable Peter B. Skelos, Special Referee, to hear and report on whether any mitigating or aggravating factors exist, and to provide a recommendation as to whether the respondent has demonstrated why a final order of public discipline should not be made.
After a hearing on December 31, 2019, the Special Referee filed a report dated February 11, 2020, in which he concluded that the respondent had not demonstrated why a final order of discipline should not be made. The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as this Court deems just and proper. The respondent, among other things, acknowledges not having a legal basis to oppose the motion. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline to impose, we have considered that at the time of the underlying incident the respondent was under considerable personal stress, the isolated nature of the misconduct, his unblemished disciplinary record, and extensive history of public service.
Under the totality of the circumstances, the respondent is publicly censured.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and CHRISTOPHER, JJ., concur.
ORDERED that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, John A. Clifford, is publicly censured for his professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court